**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**                                **RESPONDENT**

**V.**                              **CIVIL ACTION NO. 3:09-CV-739-HTW
CRIMINAL ACTION NO. 3:08-CR-120-HTW**

**TIMOTHY STEWART**                              **PETITIONER/DEFENDANT**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the Court is the motion to vacate judgment and the petition for habeas corpus relief filed pursuant to Title 28 U.S.C. § 2255 by Timothy Stewart [hereinafter "Stewart" or "Petitioner"].[1] Stewart entered a plea of guilty to one count of conspiracy in violation of 18 U.S.C. § 371 and one count of breaking the seal of a motortruck with intent to commit larceny in violation of 18 U.S.C. § 2117. Later he filed the habeas corpus petition now before the Court, alleging ineffective assistance of counsel and improper loss calculation. Having carefully considered the applicable law on the matter, the undersigned recommends that the petition be denied.

**Facts and Procedural History**

On October 27, 2007, a Mississippi Alcoholic Beverage Control agent received a report from a package store employee that a man named "Timmy" Stewart was

---

[1]Title 28 U.S.C. § 2255 provides in pertinent part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

attempting to sell a large amount of liquor at a low price.  Following a nine-month investigation, agents determined that Timothy Stewart and six other individuals had stolen the liquor, worth a total of $143,201.24, from a truck trailer; they had attempted to sell it to several different parties.  On July 23, 2008, Timothy Stewart was charged in a four-count indictment with conspiracy to receive stolen goods in violation of 18 U.S.C. §371; transportation of stolen goods in violation of 18 U.S.C. § 2314; breaking the seal of a motortruck with intent to commit larceny in violation of 18 U.S.C. § 2117; and disposing of stolen goods in violation of 18 U.S.C. § 2315.  On December 17, 2008, Stewart pled guilty to counts 1 and 3 of the Indictment pursuant to the terms set forth in a Memorandum of Understanding [ECF No. 90].  The United States Attorney notified Petitioner that, in exchange for his plea of guilty, the United States would dismiss counts 2 and 4 and would recommend sentencing within the lower 25% of the applicable guideline range.  In accordance with the terms of the Memorandum of Understanding, Stewart agreed to waive his right to appeal his sentence or to attack his sentence collaterally under 28 U.S.C. § 2255.

On April 6, 2009, this Court sentenced Stewart to serve 37 months in custody of the Bureau of Prisons, to be followed by a three-year period of supervised release.  This Court also ordered restitution in the total amount of $134,912.62.  The amount of restitution was subsequently reduced to $132, 447.29.

Stewart has now filed the instant petition for habeas corpus relief claiming that his counsel was ineffective for allegedly failing to object to the amount of restitution ordered.  Petitioner also alleges that the United States failed to prove the amount of loss

2

beyond a reasonable doubt, incorrectly calculated loss based on uncharged conduct, and incorrectly used prior convictions in calculating his sentence.

## Discussion

**I. Waiver**

Stewart represented to this Court that he understood the charges against him, that he understood the maximum penalty (5 and 10 years imprisonment, $250,000 fine on each count, full restitution, etc.), that he understood that this Court was not bound by any recommendation for sentencing made by the United States, that he had read, understood and agreed to the terms of the Memorandum of Understanding, and that he understood that the agreement included his waiver of any right to appeal the sentence or conviction. The agreement further provided that "any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues." ECF No. 90.

Accordingly, Petitioner in this case waived his right to file the claims raised in this § 2255 motion. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 right). A defendant may waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). It is up to the district court to insure that the defendant fully understands his right to appeal and the consequences of waiving that right. *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

Petitioner does not contend that his plea of guilty was not knowingly and voluntarily entered. Petitioner's signature affirms that the terms of the Plea Agreement were read by or to him, explained to him by his attorney, that he understood the terms, voluntarily accepted them, and agreed to them. By signing the Plea Agreement, which contained an explicit unambiguous waiver of appeal, Petitioner voluntarily and knowingly waived his right to file a § 2255 motion.

An ineffective assistance of counsel argument only survives a waiver of appeal when the claimed assistance directly affected the validity of that waiver or the plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Those circumstances are not present in this case, and the undersigned finds that Stewart's waiver of the right to post-conviction relief serves to bar the present claims.

## II. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995).

Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland,* 466 U.S. at 689. The defendant may overcome this presumption only by showing that "in light of all the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.

Under the second prong, the defendant must affirmatively show prejudice. *Earhart v. Johnson*, 132 F.3d 1062, 1066 (5th Cir. 1998). The defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). Allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson,* 179 F.3d 352, 359 (5th Cir. 1999).

Stewart claims that his attorney was ineffective for not objecting to the amount of restitution recommended in the presentencing report. His claim lacks merit because the record indicates that his attorney did in fact object to the amount of restitution ordered.[2] Because he did object to the loss calculations in the presentencing report, Stewart is unable to show that his attorney's actions fell below an objective standard of reasonableness. Since he has failed to meet the first prong of the Strickland test, there is no need to proceed to the second prong to determine whether Stewart was prejudiced.

**III. The Loss Calculation**

Petitioner's remaining claims do not raise any constitutional issues. Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

---

[2] ECF No. 99, pp. 30-32. Stewart's attorney specifically objected to the calculation of loss under 2B1.1, arguing that the restitution award should be reduced to reflect the value of the property recovered by the victim.

5

Petitioner's remaining claims take issue with how the federal sentencing guidelines were applied in his case. The manner in which the court employs the criteria of the United States Sentencing Guidelines to determine a sentence implicates no constitutional issues. *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Accordingly, Petitioner is not permitted to raise these issues in a § 2255 motion, but the merits of each claim will be briefly discussed.

Petitioner first alleges that the district court erred in calculating the loss amount attributed to him and asserts that the calculation of loss must be proved beyond a reasonable doubt. Under Section 2B1.1 of the sentencing guidelines, the calculation of loss must only be proven by a preponderance of the evidence and not beyond a reasonable doubt. *United States v. Watts*, 519 U.S. 148, 156 (1997) (facts relevant to sentencing [are] proved by a preponderance of the evidence. U.S. Sentencing Guidelines Manual § 6A1.3 cmt. (2004). The sentencing judge is in a unique position to assess the evidence in estimating the loss and the Court's decision is thus entitled to appropriate deference. *See* USSG § 2B1.1, cmt. n. 3(C).

The Guidelines define "loss" as the greater of actual loss or intended loss. USSG § 2B1.1, cmt. n. 3(A). This same application note defines "actual loss" as "the reasonably foreseeable harm that resulted from the offense." USSG § 2B1.1, cmt. n. 3(A)(I). The loss estimate is to be based on available information, including factors such as the fair market value of the property stolen or destroyed. USSG § 2B1.1, cmt. n. 3(C)(I).

In the instant case, the loss estimate was based on the fair market value of the 1,230 liquor cases stolen by Stewart. This calculation constitutes the "actual loss" to the

victim and thus satisfies the loss definition.  By presenting this calculation to the Court, the United States proved the loss by a preponderance of the evidence.  The sentencing judge was appropriately positioned to assess the evidence and his decision is entitled to deference.

Petitioner's primary complaint with regard to the calculation of loss is that the value of the liquor recovered by the victim was allegedly not subtracted from the total loss.  Petitioner suggests that over half of the liquor was returned to the victim.  However, the record indicates that law enforcement was actually only able to recover 85 cases out of the 1,230 cases that were stolen.  ECF No. 99, p. 28.  Even if these 85 cases were returned, the victim may be obligated to destroy the recovered liquor because it was stolen out of the chain of custody.  Moreover, the record reflects that the loss amount was subsequently reduced by $2400 on August 14, 2009.  ECF No. 118.

Petitioner also alleges that the court impermissibly ordered restitution based on charges that were later dismissed.  To support his argument, Petitioner relies in part on *Hughey v. United States*, 495 U.S. 411 (1990), for the principle that restitution can only be ordered for the loss caused by the specific conduct that is the basis of the offense of conviction.  However, the law has changed since the Supreme Court's ruling in *Hughey*.  Under the Crime Control Act of 1990, a sentencing judge is now permitted to order restitution "in any criminal case to the extent agreed to by the parties in the agreement." 18 U.S.C.A. § 3663(a)(3).  Petitioner fully agreed to the amount of restitution ordered when he signed the plea agreement.  The fact that two charges were dismissed in exchange for the plea agreement is irrelevant.

Petitioner finally alleges that the United States incorrectly calculated his sentence by including prior infractions which did not result in a term of imprisonment. Four (4) points were added to Petitioner's criminal history category for prior misdemeanor infractions. Because he received only a fine for these convictions, Stewart asserts that the charges cannot be included when calculating his sentence. However, the Court finds that this is an incorrect interpretation of the federal sentencing guidelines. Petitioner received four points under USSG § 4A1.1(c). This section directs adding "1 point for each prior sentence not counted in (a) or (b)." USSG § 4A1.1(c). USSG § 4A1.2(c) provides guidance on which sentences may be counted under this guideline. This section provides that "[s]entences for misdemeanor and petty offenses are counted, except as follows...." USSG § 4A1.2(c). This section continues, listing misdemeanor offenses that may only be included if the sentence resulted in a term of imprisonment or if the prior conviction was similar to the instant offense. USSG §4A1.2(c)(1). Misdemeanor simple assault is not listed among these exceptions because it can be included when calculating a sentence regardless of the penalty. Just because Stewart did not serve a term of imprisonment for the assault charges does not mean they cannot be included in calculating his sentence.

## Conclusion

For these reasons, it is the undersigned's opinion that Stewart's petition for habeas corpus relief should be denied.[3] When Stewart signed the plea agreement, he simultaneously agreed to waive any right to relief under § 2255. Accordingly, all of his

---

[3]Stewart's requests for relief are contained in his pleadings docketed as ECF Nos. 119 and 120.

claims are barred.  Moreover, the record reflects that his claim of ineffective assistance of counsel is without merit as his attorney did in fact object to the loss calculation prior to sentencing.  The United States Sentencing Guidelines were correctly applied in his case.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these recommendations within 14 days after service, sending a copy to the district judge, the magistrate judge and the opposing party.  Stewart is hereby notified that his failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b) *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 5th day of February, 2013.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE